UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES DALLAS SMITH,                                                                 Plaintiff,

v.                                                                          Civil Action No. 3:17-cv-275-DJH

DIVISION OF CHILD SUPPORT *et al.*,                                     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff James Dallas Smith filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### **I.**

Plaintiff names the "Division of Child Support," the Commonwealth of Kentucky, and Keisha LeBlanc as Defendants in this action. On the complaint form, he indicates that the basis for federal question jurisdiction is "statues of law Chpt. 246, Section 1 Reservation of Right UCC 1-308 Article 1 Sec I paragraphs 42 USC USCFR 303.101." He then references an attachment which reads as follows: "Separation of Powers Doctrine; Article III, Sec VI, Paragraph I; Article I Sec. 8; Art. I Sec. II paragraph II; Amendment 8 of the Bill of Rights; Article 1, Sec. 9, paragraph 3; 18 USC chpt. 13 § 241-242; Deparvation of Rights, Bill of Rights; 28 USC 1602-1611; Acts of Collusion."

In the Statement of Claims section, Plaintiff writes "See Attachments." On the first attached page, Plaintiff writes:

> Commonwealth of Kentucky . . . Violation of Due Process 2/10/2017; Equal Protection of law 1, 4, 5, 6, 7, 8, 9, 14, 13 7/14/2016 2/13/2017 2/27/2017 3/13/2017 3/27/2017 4/10/2017 4/17/2017 5/2/2017 . . . Deparvation of Rights Same Dates under Color of Law, Separations of powers Doctrine. False Documents Mailed to my Domicile Violation of Amendment 8 of the Bill of Right & 13th Chapter of UCC title 18 § 241-242 45 CFR 303.101 Omin; Bus Reconiliation Act 42 USC 408 13th Amendment 42 USC 1994 18 USC 1581 AND 18 USC 1589.

On the second attached page, Plaintiff writes:

> Jefferson County Division of Child Support . . . Trying to make me a customer of child support, which I have summit verbal and written request that services should end due to Fraud & Equal Protection under the Law, Violations of Amendments 1, 4, 5, 6, 7, 8, 9, 14, Amendment 8 of the Bill of Rights Perjury Deparvation of Rights and the compelling of the Social Security Number US CFR 303.101 . . . Court Dates 7/14/2016 2/10/2017 2/13/1017 2/29/2017 3/13/2017 3/27/2017 4/10/2017 4/17/2017 5/2/2017 . . . Calls Compelling SSN # of me . . . Wendy – Jefferson County Child Support 9:07 10/21/2016; Erica Miler 9:10 am; Tee, Brian CSO 2/14/2017 9:38; Stan Duffy 8:32 am 12/12/2016; 9:30 2/14/2017 Natasha … Written Request to Dismiss or terminate orders of Child Support 2-28-17 7-14-16 2-10-17 2-13-17 2-27-17 3-13-17 2-27-17 4-10-17 4-17-17 5-2-17.

On the third attached page, Plaintiff writes:

> Keisha M. LeBlanc . . . Gave authorization to put me in a contract that I did not concent to. Violated 8th Amendment of the Bill of Rights Violation of Other Amendments 1, 4, 5, 6, 7, 9, 13, 14, UCC Title 18 Chapter 13 § 241-242. Deparvation of rights under Color of Law . . . Summer of 1999 and another child 2001 without my concent. Up to date.

Finally, in the Relief section of the complaint form, Plaintiff references one final attached page which states as follows:

> All Children Support Orders and Documents Rescinded All Matters pertaining to arrages to cease . . . Deparvation of Rights; Loss of Jobs; Homelessness; No automobile; Reputation Destroyed; Body Harm; Threats, intimidation; Kidnapped held for Ransom; Ransom Held; $ 550,000.00; 250,000.00 for each defense by special appearance locked up while injured no meds given 37 million pain & suffering . . . 1) Every two weeks gotta go to Court unable to work. Court make Dr. appointment fear of bench warrant unlawful imprisonment, threat, duress, corhearsion 15 million . . . These Crimes committed against me.

**II.**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In light of this standard, the Court finds that the facts alleged in the complaint fail to state a discernable claim upon relief may be granted. Simply put, the complaint "does contain sufficient factual matter," which if accepted as true, 'state[s] a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: May 25, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4415.011

4